UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:05-CR-00161-LRH-VPC |
| v. | ) | ORDER |
| SEAN C. JOHNSON, | ) | |
| Defendant. | ) | |

On March 9, 2007, Defendant Sean Johnson pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 27, 2007, the court sentenced Defendant to sixty days imprisonment at Washoe County Jail and imposed supervised release for the remainder of Defendant's life (#80). In relevant part, the court imposed the following special conditions of supervision: (1) Defendant shall not associate with persons under the age of eighteen, except in the presence of a responsible adult who is aware of the nature of defendant's background and current offense, and who has been approved by the probation officer; and (2) Defendant shall neither possess, nor have under his control, any matter that is pornographic as defined in 18 U.S.C. § 2256(2).

On March 12, 2009, the United States ("government") sought the revocation of Defendant's supervised release (#84) for violations of the above-cited terms of supervised release. On March 24, 2009, the court held a revocation hearing. At the hearing, Defendant consented to the release of his medical records by his therapist, Dr. Steven Ing. Defendant has also provided to

Dr. Ing a written authorization for the release of the information.

The Health Insurance Portability and Accountability Act generally prohibits the disclosure of an individual's private medical records without the individual's consent. However, 45 C.F.R. § 164.512(e)(1) permits the disclosure of otherwise protected health information in the course of a judicial proceeding pursuant to an order of the court. 45 C.F.R. § 164.512(e)(1)(i). The court has reviewed the relevant law, the submissions of the parties, and Defendant's consent to the release of the information and finds that such an order is appropriate in this case.

IT IS THEREFORE ORDERED that Dr. Steven Ing is hereby ordered to provide the government with the following information:

(1) A copy of Defendant's complete chart, progress and interview notes, discharge summaries, operative reports, x-rays and all other imagery, laboratory tests, pathology results, and all diagnostic studies whether in electronic or other format.

IT IS FURTHER ORDERED that the parties shall abide by the following safeguards to limit the dissemination of the protected information[1]:

(1) Only personnel authorized by the court shall have access to the protected information. These individuals include Defendant and attorneys of record as well as the following: (a) attorneys, (b) paralegals, (c) investigators, (d) experts, and (e) secretaries employed by the attorneys of record and performing services on behalf of either the government or Defendant;

(2) Unless ordered by the court, the above-identified individuals shall not:

(a) make copies of the protected documents or allow copies of any kind to be made by any other person;

(b) allow the protected documents or the information contained therein to be

---

[1] The restrictions herein identified shall not affect the use or introduction of the protected documents as evidence.

disseminated (except for submissions to the court or the government's production of the documents to Defendant);

(c) allow any other person to read the protected documents; or

(d) use the protected documents for any other purpose than preparing to prosecute or defend against the charges in the petition for revocation of supervised release, any amended petition, or any further charges arising out of this case.

(3) The government and Defendant's attorney shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of the order; and

(4) Upon the conclusion of this litigation, Defendant's attorney shall return to counsel for the government or destroy and certify to counsel for the government the destruction of all discovery documents containing protected health information within a reasonable time, not to exceed thirty (30) days after defendant has exhausted all rights of appeal.

IT IS SO ORDERED.

DATED this 24th day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3