✓AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA       **JUDGMENT IN A CRIMINAL CASE**
vs.                            (For **Revocation** of Probation or Supervised Release)
SEAN C. JOHNSON

CASE NUMBER:    3:05-cr-161-LRH(VPC)
USM NUMBER:     40934-048

Loren Graham, CJA
**THE DEFENDANT:**          DEFENDANT'S ATTORNEY

( x )   admitted guilt to violating condition  4 (allegation #1)  of the term of supervision.

(  )    was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | Shall not associate with minors under the age of 18, except in the presence of a responsible adult who is aware of defendant's background and current offense, and who has been approved by the probation officer. | 03/12/09 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(  )    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) of conditions.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material changes in economic circumstances.

MARCH 30, 2009
Date of Imposition of Judgment

Last Four Digits of Defendant's Soc.Sec.: _____

Defendant's Year of Birth: _____
Signature of Judge

City and State of Defendant's Residence: _____

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

4/2/09
Date

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

APR 2 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

AO 245D (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | SEAN C. JOHNSON | Judgment - Page 2 |
| CASE NUMBER: | 3:05-cr-161-LRH(VPC) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE (3) MONTHS.** Defendant shall receive credit for time served.

( )   The court makes the following recommendations to the Bureau of Prisons:

( x )   The defendant is remanded to the custody of the United States Marshal.

( )   The defendant shall surrender to the United States Marshal for this district:
    ( )   at _____ a.m./p.m. on _____
    ( )   as notified by the United States Marshal.

( )   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ( )   before 2 p.m. on _____
    ( )   as notified by the United States Marshal.
    ( )   as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY: _____
Deputy U.S. Marshal

AO 245D (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | SEAN C. JOHNSON | Judgment - Page __3__ |
| CASE NUMBER: | 3:05-cr-161-LRH(VPC) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
(√)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
(√)  The defendant shall cooperate in the collection of DNA as directed by the probation officer.
(√)  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.
( )  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 3A - Supervised Release

| | |
|---|---|
| DEFENDANT: SEAN C. JOHNSON | Judgment - Page 4 |
| CASE NUMBER: 3:05-cr-161-LRH(VPC) | |

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapon - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3. Home Confinement with Electronic Monitoring - The defendant shall be confined to home confinement with electronic monitoring (GPS monitoring), for a period of (**TWELVE (12) MONTHS**), commencing upon his release from imprisonment. He shall not leave his confinement residence, except for approved leave by the Court or the probation officer for employment, education, medical attention, religious, or correctional treatment. If an emergency leave occurs without approval of the Court or probation officer, the defendant must provide proof of the emergency immediately to the probation officer. The defendant shall follow the electronic monitoring procedures specified by the U.S. Probation Office. Defendant shall pay for the cost of GPS monitoring if financially able to do so as determined by the probation officer.

4. Mental Health Treatment - The defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and outpatient counseling as approved and directed by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay. Defendant shall continue his counseling sessions with Steven Ing.

5. Sex Offender Treatment - Defendant shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the probation officer. Defendant shall allow the sex offender treatment provider unrestricted communication with the probation officer regarding attendance, level of participation, and other information deemed necessary to protect the community. Further, defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based on defendant's ability to pay.

6. Minor Prohibition - Defendant shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of defendant's background and current offense, and who has been approved by the probation officer.

7. Computer Pornography Prohibition - Defendant shall neither possess, nor have under his/her control, any matter that is pornographic, as defined in 18 U.S.C. 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

8. Pornography Prohibition - Defendant shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 U.S.C. 2256(2).

9. Computer Prohibition - Defendant shall not possess or use a computer with access to any on-line computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

(Special Conditions continued)

AO 245D (Rev. 12/07)   Judgment in a Criminal Case for Revocations
Sheet 3A              - Supervised Release

DEFENDANT:        SEAN C. JOHNSON
CASE NUMBER:      3:05-CR-161-LRH(VPC)                                            Judgment - Page 5

## SPECIAL CONDITIONS OF SUPERVISION, continued

10. <u>Computer Restriction and Monitoring</u> - Defendant shall provide the probation officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers, including cellular telephone records. Defendant shall allow the installation of any software/hardware on his computer by the probation officer and shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

11. The defendant shall discontinue any contact with Tera Lusby.

12. The defendant shall maintain his employment. The defendant is encouraged to continue his education. The defendant shall advise the probation officer of any changes in employment and educational pursuits.

AO 245D (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | SEAN C. JOHNSON | Judgment - Page __6__ |
| CASE NUMBER: | 3:05-cr-161-LRH(VPC) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 has been paid | $ | $ |

( )   On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS            : | $_____ | $_____ | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for the:  ( ) fine  ( ) restitution.
the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.